## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OSCAR DANILO SERRANO MELGAR<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>ALFREDO MANUELES TERUEL<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>      Plaintiffs,<br><br>v.<br><br>NEW JAPAN, INC.<br>d/b/a SUSHI TARO<br>1503 17th Street NW<br>Washington, DC 20036<br><br>      Defendant. | Civil Action No. _____ |

## **COMPLAINT**

1.     Defendant employed Plaintiffs at Sushi Taro, a restaurant located at 1503 17th Street

NW, Washington, DC 20036. Plaintiffs regularly worked overtime. However, Defendant did not

pay Plaintiffs overtime wages for approximately five of the overtime hours that Plaintiffs worked

each workweek.

2.     Plaintiffs bring this action to recover damages for Defendant's willful failure to pay

overtime wages, in violation of both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et

seq.* and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code

§ 32-1301 *et seq.*

## Jurisdiction and Venue

3.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b). Defendant is incorporated in this district and a substantial part of the acts or omissions giving rise to Plaintiffs' claims occurred in this district.

## Parties

5.      Plaintiff Oscar Danilo Serrano Melgar is an adult resident of the District of Columbia.

6.      Plaintiff Alfredo Manueles Teruel is an adult resident of the District of Columbia.

7.      New Japan, Inc. is a District of Columbia corporation. New Japan, Inc. does business as "Sushi Taro." New Japan, Inc.'s primary business address is 1503 17th Street NW, Washington, DC 20036. Its resident agent is S and P Registered Agents, Inc., 1008 Pennsylvania Avenue SE, Washington, DC 20003. New Japan, Inc. is owned and operated by Nobuhiro Yamazaki.

## Factual Allegations

8.      Defendant owns and operates Sushi Taro, a restaurant located at 1503 17th Street NW, Washington, DC 20036.

### Factual Allegations Specific to Oscar Danilo Serrano Melgar

9.      Plaintiff Oscar Danilo Serrano Melgar ("Oscar Serrano") worked at Sushi Taro from approximately April 1, 2014 through May 31, 2016.

10.     Oscar Serrano worked as a sushi chef.

11.     Oscar Serrano's job duties included preparing sushi and cleaning his work station.

12.     Oscar Serrano was paid an hourly rate.

13.     Oscar Serrano was paid the following hourly rates:

| Approximate Dates | Hourly Rate |
|---|---|
| Apr. 1, 2014 – Apr. 15, 2014 | $9.50 |
| Apr. 16, 2014 – Jan. 15, 2015 | $10.00 |
| Jan. 16, 2015 – Feb. 9, 2016 | $11.50 |
| Feb. 10, 2016 – June 8, 2016 | $12.00 |

14.     Defendant always paid Oscar Serrano with a check.

15.     Oscar Serrano always clocked in and out of his work.

16.     Oscar Serrano typically worked overtime hours each and every workweek.

17.     Defendant did not pay Oscar Serrano overtime wages for approximately 5 overtime hours each and every workweek. For those 5 hours, Defendant paid Oscar Serrano his regular rate.

18.     For example, if Oscar Serrano worked 51 hours in a workweek, Defendant paid him overtime wages for only 6 of his 11 overtime hours. Defendant paid the remaining 5 of 11 overtime hours at the regular rate.

19.     Over the course of his employment, Defendant did not pay Oscar Serrano overtime wages for approximately 580 overtime hours.

20.     Defendant owes Oscar Serrano approximately $3,202.50 in unpaid overtime wages.

**Factual Allegations Specific to Alfredo Manueles Teruel**

21.     Plaintiff Alfredo Manueles Teruel ("Alfredo Manueles") worked at Sushi Taro from approximately December 1, 2013 through approximately July 7, 2016.

22.     Alfredo Manueles worked as a sushi chef.

23.     Alfredo Manueles' job duties included preparing sushi and cleaned his work station.

24.     On occasion, Alfredo Manueles also worked as a kitchen cook.

25.     Alfredo Manueles was paid an hourly rate.

26.     Alfredo Manueles was paid the following hourly rates:

| Approximate Dates | Hourly Rate |
|---|---|

| Dec. 1, 2013 – Dec. 28, 2013 | $12.00 |
| Dec. 29, 2013 – Jan. 3, 2015 | $13.00 |
| Jan. 4, 2015 – Feb. 6, 2016 | $14.00 |
| Feb. 6, 2016 – July 7, 2016 | $14.25 |

27.     Defendant always paid Alfredo Manueles with a check.

28.     Alfredo Manueles always clocked in and out of his work.

29.     Alfredo Manueles typically worked overtime hours each and every workweek.

30.     Defendant did not pay Alfredo Manueles overtime wages for approximately 5 overtime hours each and every workweek.

31.     For example, as shown by the time clock receipt below, Alfredo Manueles worked 47.34 hours in the workweek ending on April 23, 2016, or 7.34 overtime hours. However, as the time clock receipt shows, Defendant only paid Alfredo Manueles for 2.33 overtime hours. Defendant paid Alfredo Manueles the remaining 5 hours at his regular rate.



32.     Over the course of his employment, Defendant did not pay Alfredo Manueles overtime wages for approximately 680 overtime hours.

33.     Defendant owes Alfredo Manueles approximately $4,621.25 in unpaid overtime wages.

4

**General Factual Allegations**

34.     Defendant owes Plaintiffs a total of **$7,823.75** of unpaid overtime wages.

35.     At all relevant times, Nobuhiro Yamazaki managed Sushi Taro's day-to-day operations.

36.     At all relevant times, Nobuhiro Yamazaki organized Sushi Taro's staff.

37.     At all relevant times, Nobuhiro Yamazaki approved Plaintiffs' work schedules.

38.     At all relevant times, Nobuhiro Yamazaki supervised Plaintiffs' work.

39.     At all relevant times, Nobuhiro Yamazaki authorized any increase to Plaintiffs' hourly rate.

40.     At all relevant times, federal and District of Columbia law required Defendant to pay Plaintiffs one and one-half times Plaintiffs' hourly rate for all hours worked over 40 in any one workweek.

41.     At all relevant times, the annual gross volume of Defendant's business exceeded $500,000.00.

42.     At all relevant times, Defendant had two or more employees who handled goods and/or materials that had travelled in or been produced for interstate commerce.

43.     At all relevant times, Defendant had the power to fire Plaintiffs.

44.     At all relevant times, Defendant had the power to control Plaintiffs' work schedule.

45.     At all relevant times, Defendant had the power to set Plaintiffs' rate of pay.

46.     At all relevant times, Defendant did not maintain true and accurate records of each hour, day, and week worked by Plaintiffs, or of how much Plaintiffs were paid for Plaintiffs' work, as required by 29 C.F.R. § 516 and D.C. Code § 32-1008. Accordingly, the exact amount of hours worked by and wages owed to Plaintiffs will only be known through discovery.

47.     Defendant failed to provide Plaintiffs with notice of Plaintiffs' employer's name, address, the employee's rate of pay, and the employer's regular payday, as required by D.C. Code § 32-1008 (c).

48.     Defendant intentionally did not post the notice of District of Columbia wage law, as required by D.C. Code § 32-1009.

49.     Defendant did not provide Plaintiffs with actual or constructive notice of Plaintiffs' employee rights, within the meaning of D.C. Code § 32-1308(c)(2)(b).

50.     At all relevant times, Defendant was aware of the legal requirement to pay Plaintiffs one and one-half times Plaintiffs' regular hourly rate for all hours worked in excess of 40 hours in any one workweek.

51.     At all relevant times, Defendant was aware of the legal requirement to timely pay Plaintiffs all wages legally due to Plaintiffs.

## COUNT I
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

52.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

53.     Defendant was an "employer" of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

54.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

55.     Defendant violated the FLSA by knowingly failing to pay Plaintiffs at least one and one-half times Plaintiffs' regular hourly rate for hours worked in excess of 40 hours in any one workweek.

56.     Defendant's FLSA violations were willful.

57.     For its FLSA violations, Defendant is liable to Plaintiffs for unpaid overtime wages, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY WAGES UNDER THE DCWPCL

58.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

59.     Defendant was an "employer" of Plaintiffs within the meaning of the DCWPCL, D.C. Code § 32-1301(1).

60.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

61.     For purposes of the DCWPCL, "wages" include, among other things, overtime wages. D.C Code § 32-1301(3).

62.     Defendant violated the DCWPCL by knowingly failing to pay Plaintiffs all wages earned, including overtime wages.

63.     Defendant's DCWPCL violations were willful.

64.     For its DCWPCL violations, Defendant is liable to Plaintiffs for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant, on all counts, in the current total amount of **$39,557.60**, and grant the following relief:

    a.      Award Plaintiffs **$31,295.00**, consisting of the following overlapping elements:

        i.      unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii.      unpaid overtime wages earned, plus three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

    b.      Award Plaintiffs pre-judgment and post-judgment interest as permitted by law;

    c.      Award Plaintiffs reasonable attorney's fees and expenses incurred in the prosecution of this action **($7,782.60** as of July 26, 2016);

    d.      Award Plaintiffs court costs (**$400.00** as of July 26, 2016); and

    e.      Award any additional relief the Court deems just.

Date: July 26, 2016                Respectfully submitted,

                                /s/ Justin Zelikovitz, Esq.
                                Justin Zelikovitz, #986001
                                LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
                                519 H Street NW
                                Washington, DC 20001
                                Phone: (202) 803-6083
                                Fax: (202) 683-6102
                                justin@dcwagelaw.com

                                *Counsel for Plaintiffs*